IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES LEWIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:25-cv-01938-K (BT) |
| | § | |
| DAN WILLEMS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Charles Lewis and ShaBronda-Renai Lewis have filed a *pro se* "Notice of Removal" purporting to remove a civil action filed against Charles Lewis in Dallas County Court at Law No. 1. *See* Not. Rem. (ECF No. 1). Plaintiffs also move for leave to proceed *in forma pauperis* (IFP). *See* IFP App. (ECF No. 2). For the reasons stated, the Court should DISMISS Plaintiffs' case for lack of jurisdiction.

**Legal Standards**

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and other federal laws. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). And courts have an independent duty to examine their subject-matter jurisdiction and to dismiss any case in which jurisdiction is lacking. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *accord McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th

1

Cir. 2005) ("[A]ny federal court may raise subject[-]matter jurisdiction *sua sponte*."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $ 75,000, and there is complete diversity of citizenship among the parties ("diversity jurisdiction"), 28 U.S.C. § 1332(a). *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When determining whether federal question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). Generally, there is no federal jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Further, "[c]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *SGK Props., LLC v. United States Bank Nat'l Ass'n*, 881 F.3d 933, 939 (5th

2

Cir. 2018) (internal quotations omitted) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam))).

**Analysis**

Plaintiffs have apparently tried to remove to federal court a case initiated in Dallas County Court at Law No. 1. Attachments to Plaintiffs' Notice of Removal indicate that, in the underlying state court action, Dan Willems sued to evict Charles Lewis "and all other occupants" from a residential property. *See* Compl. at 8–9. The state court granted judgment in Willems's favor on February 26, 2025. *Id.* at 55–56. Lewis then appealed that order on March 7, 2025, to the Texas Fifteenth Court of Appeals. *Id.* at 57, 69–70. But, on August 19, 2025, the Fifteenth Court of Appeals denied his appeal for want of prosecution. *Lewis v. Willems*, 2025 WL 2394170, at *1 (Tex. App. Aug. 19, 2025).

Now, Plaintiffs' Notice of Removal suggests that the Texas state courts lacked subject matter jurisdiction and were the improper venue for Willems's eviction action. *See* Not. Removal at 2. Although it is unclear what relief Plaintiffs seek, it is clear that this Court lacks jurisdiction.

First, to the extent Plaintiffs disagree with a ruling by the presiding judge in the state court action or with the outcome of that case, removal to federal district court cannot serve as a substitute for filing an appeal in state court. *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) (noting that a federal district court

3

cannot serve to review a state court's decision), *overruling on other grounds recognized in Gross v. Dannatt*, 736 F. App'x 493 (5th Cir. 2018).

Second, even liberally construing their pleadings as an attempt to file an original action, Plaintiffs have failed to allege facts supporting either federal question or diversity jurisdiction. Plaintiffs do not identify any federal statute or other law as giving rise to their claims. Rather, they simply attach filings from the underlying state court action and assert that these issues are more appropriate for a federal court to consider. *See* Compl. at 2. But this is not sufficient, by itself, to confer subject-matter jurisdiction on the Court.

Plaintiffs also fail to plead facts establishing diversity jurisdiction. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Here, Plaintiffs do not show that complete diversity exists or that Plaintiffs seek over $75,000 in damages. In fact, it is not clear what relief—other than overturning the state court's decision—Plaintiffs actually seek.

Accordingly, the Court should *sua sponte* dismiss Plaintiffs' lawsuit for lack of subject-matter jurisdiction.

## Leave to Amend

*Pro se* plaintiffs ordinarily should be granted leave to amend their complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir.

2009). Here, Plaintiffs cannot alter the fact that this Court lacks jurisdiction over their case. Therefore, granting Plaintiffs leave to amend would be futile and cause needless delay.

## Motion to Proceed IFP

Even if this Court has jurisdiction over Plaintiffs' claims, Plaintiffs would not be entitled to proceed IFP.

A federal district court may authorize a person to bring an action IFP—that is, without the prepayment of fees—when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Further, courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden,* 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

Here, Plaintiffs receive $3,600 each month from employment. IFP App. at 2. Plaintiffs also own a home purportedly valued at $430,000, a 2005 Chevy Tahoe valued at $2,500, and a 2007 BMW valued at $4,000. *Id.* at 3 Plaintiffs have no dependents. *Id.* at 2.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiffs undue financial hardship. Plaintiffs receive a substantial monthly income. Their income places them well above the $21,150 federal poverty threshold for a two-person household in Texas. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2025*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited October 27, 2025).

While Plaintiffs' claimed expenses exceed their income, this does not indicate that payment of the filing would cause Plaintiffs undue hardship.

First, Plaintiffs own a home worth nearly half-a-million dollars and a luxury vehicle. IFP App. at 3. Courts in this Circuit have denied applications to proceed IFP in similar circumstances. *See LeBlanc v. Rodger's L. Firm PLLC*, 2025 WL 2263723, at *1 (N.D. Tex. July 1, 2025) (Rutherford, J.), *rec. adopted*, 2025 WL 2256718 (N.D. Tex. Aug. 6, 2025) (denying IFP application when the plaintiff's expenses exceeded income but the plaintiff had valuable assets including a home and a luxury vehicle); *see also Powell v. Gov. Federal Rsrv. of New York*, 2014 WL 1883672, at *2 (S.D. Miss. May 12, 2014) (same).

Second, it appears that at least some of Plaintiffs' expenses are discretionary and/or excessive. This includes $1,600 for homeowner's insurance, $1,500 for home maintenance and repairs, $100 for clothing, and $100 for laundry and dry cleaning. IFP App. at 4. Such expenses do not support waiver of the filing fee. See *Dobbins v. Kroger Co.*, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"); *Cantrell v. Hollander*, 2013 WL 12129250 (N.D. Tex. Nov. 15, 2013), *rec. accepted* 2013 WL 12129251 (N.D. Tex. Dec. 18, 2013) (treating expenses for clothing as discretionary).

Finally, Plaintiffs state they are unable to pay the filing fee because they "only have one income." IFP App. at 5. While the Court understands that a family having a single source of income can be burdensome, it finds that Plaintiffs have adequate assets to pay the $405.00 filing fee and other costs of this suit.

## Recommendation

The Court should DISMISS this action for lack of subject matter jurisdiction. Alternatively, the Court should deny Plaintiffs' motion for leave to proceed *in forma pauperis*.

SO RECOMMENDED.

October 28, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).